**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **ELAINE WILLIAMS,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:13-CV-3734-D-BH |
| ) | |
| **TEXAS DEPT. OF FAMILY** ) | |
| **PROTECTIVE SERVICES, et. al,** ) | Referred to U.S. Magistrate Judge |
| Defendants. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this *pro se* case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, and the case should be dismissed for failure to prosecute or follow court orders.

**I. BACKGROUND**

On August 23, 2013, the plaintiff filed this action in the Western District of New York and submitted an application to proceed *in forma pauperis* (IFP). (*See* docs. 1, 2.) The district court in New York transferred it by order dated August 28, 2013, and the case was opened in this district on September 16, 2013. (*See* docs. 3-5.) By order dated September 23, 2013, the plaintiff was advised that her IFP application did not contain enough information for a determination of whether IFP status was appropriate. (*See* doc. 7.) The plaintiff's amended application was granted by order dated October 15, 2013. (*See* docs. 8-9.)

On February 12, 2014, the Court sent the plaintiff a Magistrate Judge's Questionnaire to obtain more information about her claims. (*See* doc. 11.) It ordered the plaintiff to file her responses within twenty-one days and expressly warned that failure to timely file answers could result in the dismissal of the action for failure to prosecute. More than twenty-one days have passed since the date of the questionnaire, but the plaintiff has not filed her answers to the questionnaire or anything

else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff has failed to comply with the February 12, 2014 order requiring her to file answers to the questionnaire within twenty-one days, and she has not filed anything else in the case. It appears that she does not intend to proceed with this case, and it should therefore be dismissed for failure to prosecute or follow orders of the Court.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless the plaintiff submits her answers to the questionnaire within the time for objecting to this recommendation or some other deadline set by the Court.

**SIGNED this 14th day of March, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                   IRMA CARRILLO RAMIREZ
                                                   UNITED STATES MAGISTRATE JUDGE